**UNITED STATES of America,**
**Appellee,**

v.

**Gabriel GARCIA, also known as Gabriel Garcia–Dominguez, also known as Miguel Paizzaro, also known as Juan Bautista–Dominguez, Defendant–Appellant,**

No. 02–1324.

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Harry Sandick, United States Attorney's Office, Southern District of New York, New York, NY, for Appellee.

Gregory G. Smith, Law Office of Gregory G. Smith, New York, NY, for Defendant–Appellant.

PRESENT: F.I. PARKER, FEINBERG, and STRAUB, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of January, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Defendant-appellant Gabriel Garcia appeals from a judgment of conviction and sentence entered on May 23, 2002 following a guilty plea in the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*). A one-count indictment charged Appellant with illegally reentering the United States after having been deported following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). At the time of his conviction on this charge, Appellant was incarcerated on a state court conviction. Prior to and during sentencing in district court, Appellant sought a downward departure under Section 5K2.0 of the Sentencing Guidelines based on pre-writ and pre-indictment government delay.

The district court declined to downwardly depart, but instead imposed a 30–month term of imprisonment—a sentence lying at the low end of the applicable range. A post-sentence dialogue ensued regarding the issue of confinement credit. The district court expressed uncertainty over Appellant's entitlement to confinement credit noting, however, that it was an issue "within the province of the Bureau of Prisons,"

not the sentencing court. At no time did the district court convey reluctance about its sentence, express uncertainty about its departure authority, or evince an intent to depart in light of its developing doubts about Appellant's entitlement to confinement credit. Appellant maintains that the district court misapplied the Guidelines when it declined to downwardly depart and misapprehended its departure authority because it *may* have assumed that Appellant would receive confinement credit from the Bureau of Prisons.

A district court's decision not to depart downward is not reviewable except where there is an illegal sentence, a misapplication of the Sentencing Guidelines, or a clear misapprehension of departure authority, *United States v. Kalust,* 249 F.3d 106, 110 (2d Cir.), *cert. denied sub nom.,* 534 U.S. 894, 122 S.Ct. 213, 151 L.Ed.2d 152 (2001), none of which are present here. Under certain circumstances, Section 5K2.0 of the Guidelines may be utilized as a "sentence compensator," *see, e.g., United States v. Montez–Gaviria,* 163 F.3d 697, 702 (2d Cir.1998), or a "sentence equalizer," *United States v. Los Santos,* 283 F.3d 422, 428 (2d Cir.2002), in granting a downward departure. In this analysis, courts must be ever mindful of the "ordinary accidents of acceleration and delay" inherent in the criminal justice process. *See United States v. Acevedo,* 229 F.3d 350, 356 (2d Cir.), *cert. denied,* 531 U.S. 1027, 121 S.Ct. 602, 148 L.Ed.2d 514 (2000).

We find nothing to suggest that the sentence imposed was illegal. Nor do we find that the district court misapplied the Guidelines or misapprehended its departure authority thereunder. Nothing in *Montez–Gaviria* or *Los Santos* mandates a departure given the facts and circumstances of this case and the district court's denial of a departure was a proper exercise of its sentencing discretion. Accordingly, the district court's decision not to downwardly depart is not reviewable and the appeal is DISMISSED.